IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM BAILEY, JR. et al., )
)
            Plaintiffs, )
) Civil Action No.04-607
-vs- )
)
VIACOM, INC., successor by merger to CBS )
Corporation, f/k/a Westinghouse Electric )
Corporation, )
            Defendant.

AMBROSE, Chief District Judge

MEMORANDUM ORDER OF COURT

Defendant Viacom Inc. ("Viacom") has filed a Motion for Judgment on the Pleadings (Docket No. [24])[1] alleging that the Plaintiffs' claims should be dismissed in their entirety because they are untimely. Though Viacom offers several arguments in support of dismissal, I need only focus on that concerning "equitable tolling."[2] The narrow issue before me is whether the Plaintiffs are

---

[1] A Motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is treated under the same standards as is a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Stanton v. The County of Allegheny, Civ. No. 7-56, 2008 WL 678704 at * 1 (W.D. Pa. March 12, 2008). That is, a complaint will be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. Stanton, 2008 WL 678704 at * 1, citing, Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955 (May 21, 2007). Further, I may consider the allegations in the complaint, attached exhibits, matters of public record and factual allegations within documents described or identified in the complaint. Id. at * 2.

[2] Viacom briefs the issues of the "single filing rule" and "collective action" tolling. However it is clear from Plaintiffs' response that they do not rely upon these doctrines as a means of saving their claims.

1

required to plead the doctrine of equitable tolling and / or facts in support thereof and, if so, whether they failed to do so.[3]

I agree with Viacom that it is necessary to plead the doctrine or facts in support thereof where the claims are facially untimely. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1391 n. 10 (3d Cir. 1994) (reviewing the dismissal of a claim as untimely and stating "[w]e do not apply this doctrine to Oshiver's failure to hire claim, however, because <u>nowhere in the complaint does Oshiver allege that the law firm misled her, actively or otherwise</u>, with respect to this claim. Accordingly, there is no basis for the application of the equitable tolling doctrine.") (emphasis added). See also Wasco Prods. Inc. v. Southwall Techs., Inc., 435 F.3d 989, 991 (9th Cir.), cert. denied, 127 S. Ct. 83 (2006) (stating that "federal courts have repeatedly held that plaintiffs seeking to toll the statute of limitations on various grounds must have included the allegations in their pleadings; this rule applies even where the tolling argument is raised in opposition to summary judgment."); Compton v. Nat'l League of Prof. Baseball Clubs, 995 F. Supp. 554 (E.D. Pa. 1998), aff'd, 172 F.3d 40 (3d Cir. 1998) (granting a motion to dismiss a complaint as untimely and rejecting the application of the equitable tolling doctrine because "nowhere in his complaint does Compton

---

[3]Viacom chose not to file a separate Memorandum in Support of its Motion. Instead it chose to rely upon the Memorandum it filed in support of an identical motion filed in a similar case, Barrett v. Viacom, No. 4-608. Because the arguments raised by Viacom and the responses raised by Plaintiffs (who are represented by the same counsel in each case) are identical, I will set forth the same Opinion as I did in the Barrett case.

2

allege that the defendants mislead him into sleeping on his rights after the 1994 termination."); and Cooper v. Wawa, Inc., Civ. No. 94-5920, 1995 WL 50061 at * 2 (E.D. Pa. Feb. 2, 1995) (dismissing a complaint as untimely where "Plaintiff's amended complaint is devoid of any allegations of an affirmative act to mislead."). I also find that the Amended Complaint before me is facially untimely. Indeed, the Amended Complaint sets forth the dates of termination as ranging between 1994 and 1998. The EEOC filings, which are referenced in the Amended Complaint, occurred well beyond 300 days of those terminations. In fact, most filings occurred in 2003.

Finally, I agree with Viacom that the Plaintiffs failed to plead the equitable tolling doctrine or facts in support thereof. The Amended Complaint simply makes no reference to the doctrine, to Viacom's alleged deceptive acts or to the Plaintiffs' reliance thereon. Nor do the EEOC filings provide the necessary information. Indeed, the reference in the EEOC filings to an "invalid release" is not the equivalent to an allegation that Viacom's actions <u>caused</u> Plaintiffs' failure to timely file.[4] Accordingly, under Oshiver, the Amended Complaint is subject to dismissal.

Plaintiffs request in the alternative, however, that they be permitted to file a Second Amended Complaint. See Docket No. 32, p. 2, 18. Though I

---

[4] Further, to the extent that the Plaintiffs contend that the Third Circuit court ruled in Ruehl v. Viacom, 500 F.3d 375 (3d Cir. 2007) that identical pleadings were adequate, I disagree. Regardless of what arguments Viacom may have advanced at the appellate stage, the Third Circuit court did not rule upon the sufficiency of the pleadings.

3

recognize that a great deal of time has passed since the inception of this case, I cannot attribute that delay to the Plaintiffs. Indeed, any delay which has occurred in this case stems from Viacom's interlocutory appeal. I decline to penalize Plaintiffs under these circumstances, particularly where the parties have not engaged in any meaningful discovery, where the case has not moved beyond the threshold issue, and where there is no evidence that Plaintiffs have engaged in undue delay[5] or bad faith. Further, I do not agree with Viacom that it has been prejudiced in any way by Plaintiffs' actions.[6] Accordingly, because Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend be granted when "justice so requires," and because I find that justice "so requires" under these circumstances, leave is granted.[7]

---

[5] Viacom urges that Plaintiffs should have sought to amend following the grant of summary judgment against Plaintiffs Edward Lowe and Joseph Morris. Yet the action had been stayed and though they could have sought leave to lift the stay, they were not compelled to do so.

[6] Again, any delay associated with the Plaintiffs' choice in waiting until the Third Circuit court's ruling in Ruehl and the filing of the present Motion to seek amendment can hardly be said to have caused Viacom any prejudice. Further, had the Plaintiffs obtained leave to file an amendment during the pendency of the interlocutory appeal in Ruehl, the parties would not have engaged in discovery in any event in light of the stay which I had imposed.

[7] I reject Viacom's suggestion that an amendment would be futile. Though the Third Circuit court found Ruehl unable to prove the facts necessary for equitable tolling in Ruehl v. Viacom, that case was decided at the summary judgment stage, after the facts had been fully developed. Plaintiffs in this case may be able to prove what Ruehl was unable to.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BAILEY, JR. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 04-607 |
| -vs- ) | |
| ) | |
| VIACOM, INC., successor by merger to CBS ) | |
| Corporation, f/k/a Westinghouse Electric ) | |
| Corporation, ) | |

AMBROSE, Chief District Judge

### ORDER OF COURT

AND NOW, this 22nd day of April, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion for Judgment on the Pleadings (Docket No. 24) is granted and the Amended Complaint is dismissed. That dismissal is, however, <u>without prejudice</u>. Plaintiffs may file a Second Amended Complaint curing the deficiencies noted within fourteen days of the date of this Order.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge