IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

John Barrett, et al.,                )
                                     )
    Plaintiffs,                   )
                                     )
    vs.                           )      Civil Action Nos.      4-608
                                     )                             4-609
Viacom, Inc., successor by merger to )                             4-607
CBS Corporation, formerly known as   )
Westinghouse Electric Corporation    )
                                     )
    Defendant.                    )

AMBROSE, Chief District Judge

**MEMORANDUM ORDER OF COURT**

On August 24-25, 2009, during telephone conferences regarding discovery disputes involving the deposition of Miss. Lisa DeAngelo, a notary, counsel disputed, *inter alia,* the relevance of Miss. DeAngelo's deposition. Counsel were ordered to file a brief on the issue of the relevance of the deposition of Ms. DeAngelo (*i.e.* does an EEOC complaint asserting only an ADEA claim require verification). (Docket No. 177). Counsel complied with said order on August 26, 2009. (Docket Nos. 179 and 180). Upon review of the same and for the reasons set forth below, I find that the deposition of Miss. DeAngelo is not relevant to the issue of exhaustion. I further order that Plaintiffs respond to the other relevance arguments made for the first time by Defendant set forth on pages 13-15 of its Brief.

**I.**    **Failure to Exhaust under the Statutes and Regulations**

During the arguments made by counsel on the telephone, the purported purpose of the deposition of Miss. DeAngelo was to determine if the EEOC Complaints filed by some of the Plaintiffs in the above captioned matters were properly notarized by Miss. DeAngelo. In essence, Defendant asserts that if the EEOC Complaints were not properly verified (either sworn to before

a notary public or under penalty of perjury), then Plaintiffs have failed to exhaust their administrative

remedies and their Complaints in this court must be dismiss.  (Docket No. 180, p. 2, 4-13).  Thus,

Defendant argues that the deposition of Miss. DeAngelo is relevant for purposes of determining

if Plaintiffs have failed to exhaust their administrative remedies.  *Id.*

Nowhere in the statues or regulations relating to the ADEA is it required that EEOC charges

asserting only ADEA claims be verified.  *See,* 29 U.S.C. §621, *et seq.* and 29 C.F.R. §1626, et seq.

 Nonetheless, Defendant argues that the requirement of verification set forth in the procedures

relating to Title VII and ADA charges should be "understood" to apply to ADEA charges.  (Docket

No. 180, pp. 4-13).  I disagree.

To begin with, the procedures for filing ADEA charges with the EEOC and the procedures

for filing Title VII and ADA charges with the EEOC are separate and distinct.  *Compare,* 29 C.F.R.

Part 1601 *with* 29 C.F.R. Part 1626.

The plain language of the regulations provides that the procedures to be followed in ADEA

cases are set forth in 29 C.F.R. Part 1626.  29 C.F.R. §1626.1. The form of an ADEA charge is

required to be as follows:

> A charge shall be in writing and shall name the prospective respondent and shall
> generally allege the discriminatory act(s). Charges received in person or by
> telephone shall be reduced to writing.

29 C.F.R. § 1626.6.  There is no requirement to verify the ADEA charge as there is in Title VII or

ADA charges.  *Compare,* 29 C.F.R. §1626.6 *with* §1601.9.[1]  Moreover, ADEA charges may be

made over the telephone, whereas Title VII and ADA charges must be in writing, signed and

verified.  *Id.*  Thus, I find that only Title VII and ADA EEOC charges are required to be verified

---

[1]29 C.F.R. § 1601.9 provides that "[a] charge shall be in writing and signed and shall be
verified."

2

according the regulations.  29 C.F.R. §1601, *et seq.*[2]  Consequently, I am not persuaded by Defendant's argument that procedures governing EEOC charges in Title VII and  ADA cases that require the charge to be verified should be "understood" to apply to ADEA EEOC charges.  The procedures set forth for ADEA charges and the procedures set forth for Title VII and ADA charges are separate and distinct.

Thus, I find Plaintiffs did not have to verify their charges before the EEOC to exhaust their administrative remedies.  Consequently, Miss. DeAngelo's deposition is not relevant on the basis of failure to exhaust.

## II.    Equitable Tolling, Veracity and Baselessness of the Substantive Claims

While I ordered that counsel address the specific issue of whether an EEOC charge

---

[2]Section 1601.1 states the purpose of the regulations in Part 1601 and provides in pertinent part as follow:

> The regulations set forth in this part contain the procedures established by the Equal Employment Opportunity Commission for carrying out its responsibilities in the administration and enforcement of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990.

29 C.F.R. § 1601.1.  The procedures provide that "[a] charge shall be in writing and signed and shall be verified."  29 C.F.R. § 1601.9.  The terms Title VII, ADA, and verified are defined as follows:

> (a) For the purposes of this part, the term Title VII shall mean title VII of the Civil Rights Act of 1964; the term ADA shall mean the Americans with Disabilities Act of 1990; the term Commission shall mean the Equal Employment Opportunity Commission or any of its designated representatives; Washington Field Office shall mean the Commission's primary non-Headquarters office serving the District of Columbia and surrounding Maryland and Virginia suburban counties and jurisdictions; the term FEP agency shall mean a State or local agency which the Commission has determined satisfies the criteria stated in section 706(c) of title VII; and the term verified shall mean sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury.

29 C.F.R. §1601.3.

asserting an ADEA claim must be verified, Defendant, for the first time, makes additional arguments regarding the relevance of the deposition of Miss. DeAngelo. (Docket No. 180, pp. 13-15). Since Plaintiffs could not have anticipated these arguments, Plaintiffs did not address to the same. As a result, I am ordering that Plaintiffs respond to these arguments set forth on pages 13-15 of Defendant's brief at docket number 180.

THEREFORE, this 1st day of September, 2009, it is ordered that Miss. DeAngelo's deposition is not relevant on the basis of failure to exhaust.

It is further ordered that Plaintiffs are required to file a brief, no longer than five (5) pages, addressing the additional arguments raised by Defendant set forth on pages 13-15 of its Brief (Docket No. 180), on or before September 3, 2009, at noon.

BY THE COURT:

/s/ Donetta W. Ambrose_____
Donetta W. Ambrose
Chief U.S. District Judge

4