IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| John Barrett, et al., | ) | | |
| Plaintiffs, | ) | | |
| vs. | ) | Civil Action Nos. | 4-608 |
| | ) | | 4-609 |
| Viacom, Inc., successor by merger to | ) | | 4-607 |
| CBS Corporation, formerly known as | ) | | |
| Westinghouse Electric Corporation | ) | | |
| Defendant. | ) | | |

AMBROSE, Chief District Judge

**MEMORANDUM ORDER OF COURT**

On September 1, 2009, I ordered that the deposition of Miss DeAngelo is not relevant to the issue of exhaustion. (Docket No. 181).[1] Defendant raised further arguments regarding the relevance of Miss DeAngelo's deposition. (Docket No. 180, pp. 13-15). As a result, I ordered Plaintiffs to respond to those arguments. (Docket No. 181).

The first new argument raised by Defendant is whether Plaintiffs' behavior calls into question the propriety of equitable tolling. (Docket No. 180, pp. 13-15). I note that Plaintiffs' claims are proceeding in this court based on equitable tolling. If Plaintiffs verified their charges (even though not required for ADEA claims), Defendant argues that Plaintiffs "misrepresented to state authorities [, the PHRC,] that they had sworn their complaint under oath," and that such a misrepresentation is inequitable behavior. *Id.* pp. 14-15. Thus, Defendant argues, the deposition of Ms. DeAngelo is relevant for purposes of an "unclean hands" defense. *Id.* As Plaintiffs point out, however, Plaintiffs have not brought claims under the PHRA. *See,* Civil Action No. 4-607 at

---

[1] I am referencing only the docket numbers in civil action number 4-608. I recognize, however, that there are two other cases (4-607 and 4-609) that have the exact briefs and arguments pending. As a result, I am only referencing 4-608, but this order applies equally to 4-607 and 4-609.

Doc. No. 33, Civil Action No. 608 at Doc. No. 408, Civil Action No. 4-609 at Doc. No. 27. Therefore, Miss DeAngelo's deposition is not relevant for purposes of Defendant's unclean hands defense.

Finally, Defendant argues that the deposition of Miss DeAngelo may be relevant for purposes of the Plaintiffs' veracity. (Docket No. 180, p. 15). Specifically, Defendant submits that it may lead to the discovery of admissible evidence that Plaintiffs improperly swore to the EEOC that they believed they had a factual basis for their allegation when that was not true. *Id.* In opposition, Plaintiffs argue that there is no support for the proposition that each Plaintiff must have a thorough and complete understanding of their case before they filed their own individual EEOC charges. (Docket No. 80, p. 3). Additionally, Plaintiffs state that in most cases Defendant has deposed Plaintiffs and questioned them about the signing of their EEOC charges and the basis for their claims. Based on the above arguments, I agree with Plaintiffs and find that the deposition of Miss DeAngelo is not relevant or warranted on this basis.

In sum, I find that Miss DeAngelo's deposition is not relevant on any of the bases that Defendant raises.

THEREFORE, this 11th day of September, 2009, it is ordered that Miss DeAngelo's deposition is not relevant and will not be permitted in these cases.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge